UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM E. JARVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:10-cv-00481 |
| ) | Judge Trauger |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

**I.    INTRODUCTION AND BACKGROUND**

The petitioner, William E. Jarvis, has filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. The petitioner challenges the legality of his confinement under a judgment of the Davidson County Circuit Court convicting him of criminal contempt pursuant to Tenn. Code Ann. § 29-9-101 due to his repeated failure to comply with court orders requiring him to pay child support. (Docket No. 1). The state court found that the petitioner had violated its orders on 18 occasions and sentenced him to ten days of imprisonment on each finding of contempt, for a total of 180 days to be served on consecutive weekends. (Docket No. 9, Attachs. 1 and 9). The petitioner names the State of Tennessee as the respondent.

On July 24, 2009, the Tennessee Court of Appeals affirmed the judgment of the trial court, and the Tennessee Supreme Court denied his application for permission to appeal on December 14, 2009. *State ex rel., Bane v. Jarvis,* No. M2008-01428-COA-R3-CV, 2009 WL 2215011 (Tenn. Ct. App. July 24, 2009)(perm. app. denied Dec. 14, 2009). The petitioner did not file a petition for a writ of *certiorari* in the United States Supreme Court.

1

The petitioner filed a petition for state post-conviction relief. (*See* Docket No. 9 at p. 5 n.2). The petitioner's request for state post-conviction relief was denied, and the matter is presently pending in the Tennessee Court of Criminal Appeals. (*Id*.)[1]

The petitioner filed a *pro se* petition for a writ of *habeas corpus* in this court on May 10, 2010. (Docket No. 1). In his petition, the petitioner asserts a single ground for relief as follows: "The aggrieved judgment is void as a matter of law and Judge Robinson exceed [sic] her jurisdiction to impose a sentence for an act that did not constitute a criminal contempt charge of simply being poor and unemployed." (Docket No. 1 at p. 5).

Pursuant to Habeas Rule 5, the court entered an order on June 17, 2010, that the respondent answer or otherwise respond to the petition. (Docket No. 5). The respondent has filed a response urging the court to deny the petition and dismiss the action. (Docket No. 9). The petitioner has not replied.

## II. ANALYSIS

Title 28 U.S.C. § 2254, as amended by the AEDPA, provides the following with respect to granting a writ of *habeas corpus* to prisoners who are in custody pursuant to a state court judgment:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] The respondent states that "the pendency of [the] state habeas proceedings should not bear on this proceeding for exhaustion purposes, since § 2254 proceedings are statutorily limited to federal constitutional claims." (Docket No. 9 at p. 5 n.2). *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999)(state habeas corpus and post-conviction remedies are "theoretically and statutorily distinct.").

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Where state courts have made factual determinations regarding issues presented for federal *habeas corpus* review, such determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Miller-el v. Cockrell*, 537 U.S. 322, 324 (2003). The purpose of federal *habeas corpus* review is to "ensure that state court convictions are given effect to the extent possible under the law," not to conduct a federal re-trial. *Bell v. Cone*, 535 U.S. 685, 693 (2002).

**A. Petitioner has failed to state a cognizable claim under 28 U.S.C. § 2254**.

The petitioner alleges that the state court's judgment is void because the trial court lacked jurisdiction to sentence him for actions he claims "did not constitute" criminal contempt. (Docket No. 1 at p. 5).

A petition for federal *habeas corpus* relief may only be granted when it is found that a citizen is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See also* Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts (requiring that a *habeas* petition "specify all grounds for relief available to the petitioner" and "the facts supporting each ground"). Because federal *habeas corpus* relief is only available to remedy errors of a federal nature, a claim that a conviction is the result a state court's misapplication of state law is not cognizable unless the petitioner can establish such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution. *Floyd v. Alexander*, 148 F.3d 615, 619 (6th

Cir. 1998); *see Abshear v. Moore*, 354 Fed. Appx. 964, 968 (6th Cir. 2009)(federal *habeas corpus* relief does not lie for errors of state law).

Here, the petitioner was sentenced pursuant to Tennessee's law pertaining to criminal contempt, Tennessee Code Annotated § 29-9-101. In his petition for a writ of *habeas corpus*, the petitioner does not cite to a provision of the United States Constitution. Nor does the petitioner cite to any case law employing constitutional analysis. *See Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006)(a petitioner is deemed to have raised a federal constitutional claim by relying on federal cases employing constitutional analysis, relying on state cases employing constitutional analysis, phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific right, or alleging facts well within the mainstream of constitutional law)(citing *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). It appears, then, that the petitioner claims an error of state law, specifically, that the Davidson County Circuit Court misapplied the Tennessee criminal contempt statute in light of the evidence before the court. Because this court must accept as valid a state court's interpretation of the statutes and rules of practice of that state, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), the petitioner fails to state a claim upon which federal *habeas corpus* relief can be granted.

Even if the petitioner is challenging the state trial court's "jurisdiction" to impose a sentence for criminal contempt, that matter is exclusively within the province of the state courts. As the Tennessee Court of Appeals observed in its opinion resolving the petitioner's appeal, "[t]he Tennessee General Assembly has empowered the courts of this state to inflict punishments for contempts of court." *State., ex rel., Bane,* 2009 WL 2215011, at *1; *see Robinson v. Air Draulics Engineering Co.,* 377 S.W.3d 908, 912 (Tenn. 1964)("Criminal contempt" actions are those to

4

preserve power and dignity of the court, while "civil contempt" actions are those brought to enforce private rights."). Tennessee law authorizes the court against which and in whose presence a contempt is committed to try the contempt. *McCraw v. Adcox,* 399 S.W.2d 753, 755 (Tenn. 1966). The determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary. *Wills v. Egeler*, 532 F.2d 1058, 1058 (6th Cir. 1976). Because a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is "a quintessential question of state law." *Dew v. Pancake*, No. 5:07CV-P37-R, 2007 WL 4302429, at *4 (W.D. Ky. Dec. 7, 2007). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)(federal *habeas corpus* does not lie to correct errors of state law).

In other words, it is up to Tennessee courts to resolve issues as to whether subject matter jurisdiction exists. This court does not review determinations of state law made by Tennessee courts. Thus, construing the petitioner's claim as a challenge to the state court's subject matter jurisdiction, the petition fails to assert a cognizable claim under 28 U.S.C. § 2254(a).

Construing the petitioner's *pro se* petition liberally, the court could read the petition to assert a constitutional challenge to the sufficiency of the evidence supporting the petitioner's state court conviction for criminal contempt.[2] On sufficiency of the evidence challenges, *habeas* relief is warranted "only where the court finds, after viewing the evidence in the light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)(internal quotation

---

[2] Likewise, the court could read the *pro se* petition to assert a constitutional due process claim. However, the petition does not allege that the petitioner was not provided with notice and/or an opportunity to be heard prior to his contempt conviction. Moreover, the facts clearly show that the petitioner received notice of the contempt proceeding, testified during the proceeding on his own behalf, and was represented by counsel during the contempt proceeding. (*See* Transcript of Contempt Proceeding, Docket No. 9, Attach. 3).

5

omitted); *see also Jackson v. Virgina*, 443 U.S. 307, 319 (1979)(evidence is sufficient to support a criminal conviction if, "after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt")(emphasis in original).

The Tennessee Court of Appeals found that the record was "clear beyond a reasonable doubt" that the petitioner had failed to comply with the trial court's child support order. *State, ex rel., Bane*, 2009 WL 2215011, at *2. The appellate court also found that the record "fully supported" the trial court's finding that the petitioner was "under-employed, very educated and capable of keeping current on the modest child support payments[.]" *Id.* Notably, the appellate court found that "[t]his was the fifth proceeding to compel Mr. Jarvis to comply with the court's orders; each proceeding has resulted in his payment of the arrearage on or near the date of the hearing." *Id.* Mr. Jarvis did not contest either the facts of his non-payment or the amount of the arrearage during his contempt proceeding; nor does he contest them now. The court finds that, given the overwhelming and uncontested evidence of the petitioner's repeated violations of the trial court orders, any rational trier of fact could have found the essential elements of the offense of criminal contempt beyond a reasonable doubt. Thus, a sufficiency of evidence challenge fails.

The court finds that the petitioner has not established that the decision of the state courts on this issue was contrary to, or involved an unreasonable application of, clearly established federal law, nor has he shown that the state courts' decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(e)(1); *Williams v. Taylor*, 529 U.S. 362, x (2000). Therefore, this claim is without merit.

### B. No Certificate of Appealability shall issue.

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petitioner has not made a substantial showing of a constitutional right, a COA will not issue with respect to the petitioner's sole ground for relief.

### III. CONCLUSION

Accordingly, the petition is hereby DENIED, and this action is dismissed for failure to state a claim upon which *habeas corpus* relief can be granted. Rule 4, Rules - - - § 2254 Cases. This action therefore will be DISMISSED, and a COA will not issue as to any of the claims. Because an appeal from the judgment of the court would not be taken in good faith, the petitioner will not be certified to appeal the judgment of the court *in forma pauperis*.

An appropriate order will enter.

_____
Aleta A. Trauger
United States District Judge